UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN THE MATTER OF THE COMPLAINT § C.A. NO. 4:20-cv-03939
OF OIL MOP LLC §

### ANSWER AND CLAIM OF GARY JONES

NOW INTO COURT, through undersigned counsel, comes Claimant Gary Jones, and, under protest and without prejudice to his position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed, files this Answer to the Verified Complaint and Petition for Exoneration From or Limitation of Liability filed by Oil Mop LLC d/b/a OMI Environmental Solutions ("Petitioner"), as owner of the Motorboat Hull Id. number HK044186J808 ("Motorboat") and Claim, respectfully showing:

### I. ANSWER TO COMPLAINT

COMES NOW Claimant Gary Jones ("Jones" or "Claimant"), and, for Answer to the Verified Complaint and Petition for Exoneration From or Limitation of Liability (D.E. 1, "Complaint"), under protest and without prejudice to his position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed, would respectfully show:

1.1   Claimant admits Petitioner has brought this action under the Rule cited, and as alleged, in Paragraph 1 of the Complaint.

1.2   Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and therefore denies same.

1.3     Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and therefore denies same.

1.4     Claimant denies the allegations in paragraph 4 of the Complaint.

1.5     Claimant admits the allegations in paragraph 5 of the Complaint.

1.6     Claimant admits the allegations in paragraph 6 of the Complaint.

1.7     Claimant admits the allegations in paragraph 7 of the Complaint.

1.8     Claimant denies the allegations in paragraph 8 of the Complaint.

1.9     Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and therefore denies same.

1.10    Claimant admits the allegations in paragraph 10 of the Complaint.

1.11    Claimant denies the allegations in paragraph 11 of the Complaint.

1.12    Claimant denies the allegations in paragraph 12 of the Complaint.

1.13    Claimant denies the allegations in paragraph 13 of the Complaint.

1.14    Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore denies same.

1.15    Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and therefore denies same.

1.16    Claimant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore denies same.

1.17    The allegations of paragraph 17 of the Complaint contain statements and/or legal conclusions for which no answer is required; however, in an abundance of caution, and to the extent such an answer may be required, said allegations are denied.

1.18    The allegations contained in the paragraph IV of the Complaint beginning WHEREFORE," and its sub-parts A-F do not require an answer; however, out of an abundance of caution, Claimant denies said paragraph and sub-part.  Claimant specifically denies that Petitioner is entitled to exoneration from or limitation of liability.

## II.  AFFIRMATIVE DEFENSES

2.1    The Complaint fails to state a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).

2.2    Petitioner is not entitled to exoneration from or limitation of liability.

2.3    Claimant's injuries and resultant damages were caused by the negligence and/or gross negligence, carelessness, and fault of Petitioner.

2.4    Claimant's injuries and resultant damages were caused by the pre-voyage unseaworthiness of the Motorboat, which will be shown at the trial of this matter and was known to Petitioner.  Said privity and knowledge bar exoneration from or limitation of liability herein.

2.5    Petitioner had privity and knowledge of the negligence, fault and unseaworthiness, and is thus ineligible to seek limitation and/or exoneration.

2.6     The Limitation of Liability Act as applied herein is unconstitutional, depriving Claimant of his rights to equal protection and due process of law.

2.7     On information and belief, the Motorboat had a market value and/or freight then pending that far exceeds the value alleged by Petitioner. This Court should accordingly appoint a commissioner in due course and conduct a hearing to ascertain the values at issue.

2.8     Claimant further alleges the Complaint should be denied due to the negligence and fault of Petitioner, the unseaworthiness of the vessel, and the privity and knowledge of Petitioner.

2.9     Claimant further alleges there was insurance coverage(s) on the vessel insuring Petitioner in the event of an occurrence such as that which is the subject of Claimant's claim, and the proceeds of said insurance policy(ies) should be included in any limitation proceeding, in the event this Court determines that a limitation proceeding is appropriate and proper.

2.10    Claimant further alleges that Petitioner failed to provide adequate security, both in form and amount, and, for that reason, the Complaint should be dismissed and/or limitation denied.

2.11    Without waiving the claim that Petitioner is not entitled to exoneration from or limitation of liability, Claimant reserves his right to demand a trial by jury in the forum of his choice pursuant to the "saving to suitors" clause of the Judiciary Act of 1789, 28 U.S.C. §1333.

2.12   The amount of the limitation fund is insufficient.

WHEREFORE, PREMISES CONSIDERED, Claimant prays that the Verified Complaint for Exoneration From or Limitation of Liability be dismissed; alternatively, Claimant prays that the Court appoint a commissioner to appraise the vessel and that Claimant have judgment against Petitioner for the full value of his claim; and for such other and further relief to which Claimant may be justly entitled.

### III.  CLAIM FOR DAMAGES

COMES NOW Claimant Gary Jones ("Jones" or "Claimant"), and, for his Claim for Damages, would respectfully show:

3.1   On or about October 15, 2019, Claimant sustained severe and disabling injuries to his person, mental anguish, and other injuries, while aboard Petitioner's Motorboat Hull Id. number HK044186J808 ("Motorboat").

3.2   Due to the negligence, carelessness and fault of Petitioner, as the alleged owner and operator of the vessel, and the unseaworthiness thereof, all of which were within Petitioner's privity and knowledge, Claimant sustained severe and disabling bodily injuries resulting in disfigurement and damages. Petitioner is therefore liable, directly and vicariously, for the negligence of its employees, agents and representatives, and the unseaworthiness of the Motorboat.

3.3     Claimant's severe and disabling bodily injuries and resultant damages were proximately caused by the negligence, gross negligence, carelessness and fault of Petitioner, as the alleged owner and operator of the Motorboat, which were within Petitioner's privity and knowledge. Petitioner is therefore liable, directly and vicariously, for the negligence and/or gross negligence of its employees, agents and representatives in this regard.

3.4     Additionally Claimant's injuries and resultant damages were due to the unseaworthiness of the Motorboat, her equipment, gear, machinery, appurtenances and tackle.

3.5     Nothing Claimant did, or failed to do, on the occasion in question caused or in any way contributed to cause Claimant's injuries and resultant damages.

3.6     Claimant is entitled to maintain an action and bring this claim for the following damages, among others, arising out of his above-described injuries: past lost wages; impairment of earning capacity and resultant lost future income; medical expenses, past present and future; physical pain and suffering, past present and future; mental pain and suffering, past, present and future; residual physical disability and impairment of function; disfigurement, and loss of enjoyment of life. Claim is also made for costs of Court, and pre-judgment and post-judgment interest to which Claimant is entitled under the law. Claim is also made for gross negligence and punitive damages pursuant to the general maritime law.

3.7 As a direct and proximate result of Petitioner's conduct, Claimant suffered the following damages, including, but not limited to: (a) mental anguish in the past and future; (b) lost earnings; (c) loss of earning capacity; (d) disfigurement in the past and future; (e) physical impairment in the past and future; (f) medical expenses in the past and future; (g) physical pain and suffering; (h) punitive damages.

3.8 Claimant's damages are unliquidated at this time, but will exceed the alleged value of the vessel herein and any freight then pending.

3.9 These claims are being made under protest and without prejudice to Claimant's position that this exoneration from and/or limitation of liability proceeding is improper and should be dismissed.

3.10 Similarly, these claims are being made without prejudice to Claimant's challenging the sufficiency of Petitioner's limitation fund by written motion and/or moving this Honorable Court for an order to increase the value of Petitioner's limitation fund.

### IV.  JURY DEMAND

4.1 Claimant demands a trial by jury on his claims herein.

WHEREFORE, Claimant prays:

(a) that the Verified Complaint for Exoneration from or Limitation of Liability be dismissed; or, alternatively,

(b) that the Verified Complaint for Exoneration from or Limitation of Liability be denied, rendering judgment in favor of Claimant and against Petitioner, specifically finding liability and denying the right to limit liability and/or exoneration;

(c)  that should this Court retain jurisdiction to determine Claimant's entitlement to damages, that judgment be rendered in his favor, and against Petitioner, for a sum in within the jurisdictional limits of this Court, plus legal interest from date of judicial demand, all costs of these proceedings, including expert costs, together with all reasonable attorney's fees, punitive damages, and all other general and equitable relief to which Claimant may show himself entitled.

Respectfully submitted,

*/s/ Eric J. Rhine*
Eric J. Rhine
SBN 24060485 / SDTX 1786163
erhine@spaglaw.com
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:   713-653-5600
Facsimile:    713-653-5656

**OF COUNSEL**:

SPAGNOLETTI LAW FIRM
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:   713-653-5600
Facsimile:    713-653-5656

ATTORNEYS FOR CLAIMANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing was on this 25th day of January, 2021, automatically accomplished on all counsel of record through the Notice of Electronic Filing (CM/ECF system), in accordance with the Federal Rules of Civil Procedure.

*/s/ Eric J. Rhine*
Eric J. Rhine