United States District Court
Southern District of Texas
**ENTERED**
March 25, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF OIL MOP LLC d/b/a OMI ENVIRONMENTAL SOLUTIONS, OWNER OF MOTORBOAT, HULL I.D. NO. HK044186J808 PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § | CIVIL ACTION NO. 4:20-cv-03939 |

## ORDER AND OPINION

This is a maritime limitation of liability action filed under 46 U.S.C. § 30501 *et seq*. (the "Limitation Act"), and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims. Pending before me is Claimant Gary Jones's Motion to Lift Stay. *See* Dkt. 15. For the reasons provided below, the Motion to Lift Stay is **GRANTED**.

## BACKGROUND

Oil Mop LLC d/b/a OMI Environmental Solutions ("Oil Mop") owned the Motorboat, Hull I.D. Number HK044186J808 (the "Vessel"). In mid-October 2019, while operating in Saint Simon Sound, Georgia, one of the Vessel's batteries exploded. The explosion allegedly launched Jones 10 feet into the air, causing him severe bodily injuries.

Jones filed suit against Oil Mop on March 30, 2020, in Texas state court alleging three causes of action: (1) negligence under the Jones Act; (2) unseaworthiness; and (3) maintenance and cure. Jones's Original Petition seeks more than $1 million in damages. In November 2020, Oil Mop filed this limitation

of liability action. In connection with that filing, Oil Mop submitted evidence that the value of the Vessel and pending freight amounted to $53,000. A week after the limitation action was filed, this Court enjoined "any and all suits, actions, or legal proceedings of any nature . . . in respect to any claim or demand against Oil Mop arising from the incident," including the state court lawsuit filed by Jones in March 2020. Dkt. 7 at 2. Jones now asks me to lift the stay so that he can litigate the liability and damage issues before a jury in a Texas state court. In connection with his request to dissolve the stay, Jones filed several stipulations which he contends justify allowing him to proceed in state court.

**LEGAL STANDARD**

"A shipowner facing potential liability for a maritime accident may file suit in federal court seeking protection under the [Limitation] Act." *Complaint of Port Arthur Towing Co. on Behalf of M/V Miss Carolyn*, 42 F.3d 312, 315 (5th Cir. 1995). "The Limitation Act allows a shipowner, lacking privity or knowledge, to limit liability for damages arising from a maritime accident to the 'amount or value of the interest of such owner in such vessel, and her freight then pending.'" *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996) (quoting 46 U.S.C. § 30505(a)).

When a shipowner files a complaint seeking to limit its liability under the Limitation Act, the federal district court "stays all related claims against the shipowner pending in any forum, and requires all claimants to timely assert their claims in the limitation court." *Magnolia Marine Transp. Co., v. Laplace Towing*

*Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992). This consolidating procedure supports "the federal courts' exclusive jurisdiction" over limitation actions, *Port Arthur Towing Co.*, 42 F.3d at 315, "and ensures that the shipowner . . . is not held to liability in excess of the amount ultimately fixed in the limitation suit (the limitation fund)." *Magnolia Marine*, 964 F.2d at 1575. In cases filed under the Limitation Act, the "court's primary concern is to protect the shipowner's absolute right to claim the [Limitation] Act's liability cap, and to reserve the adjudication of that right in the federal forum." *Id.*

"A shipowner's right to limitation, however, is cabined by the 'saving to suitors' clause," *Odeco Oil*, 74 F.3d at 674, which gives federal district courts exclusive jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction," but "sav[es] to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). "The saving to suitors clause evinces a preference for jury trials and common law remedies in the forum of the claimant's choice." *Odeco Oil*, 74 F.3d at 674. *See also In re the Complaint & Petition of RLB Contracting, Inc.*, No. H-15-54, 2016 WL 343988, at *1 (S.D. Tex. Jan. 28, 2016) ("The savings to suitors clause essentially provides claimants with the right to choose the forum in which they will bring their suit."). As the Supreme Court has recognized, there is a natural tension "between the saving to suitors clause and the Limitation Act." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001). "[T]he former affords suitors a choice of remedies, while the latter gives shipowners the right to

seek limitation of their liability exclusively in federal court." *In re Tetra Applied Techs. LP*, 362 F.3d 338, 340 (5th Cir. 2004).

The Fifth Circuit has identified two instances in which claims may proceed in state court outside the limitation action while protecting the shipowner's rights under the Limitation Act. *See In re Tetra*, 362 F.3d at 341. The first is when the claims "total less than the value of the vessel." *Id.* (quotation omitted). *See also In re Diamond Servs. Corp.*, No. 6:20-CV-00408, 2021 WL 100717, at *2 (W.D. La. Jan. 12, 2021) ("[W]hen a shipowner is not exposed to potential liability in excess of the limitation fund, the shipowner's absolute right to limit its liability is not implicated, and the saving-to-suitors clause dictates that the admiralty court must allow suits pending against the shipowner [in] other fora to proceed."). The second situation occurs when "the claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been heard by the federal court." *In re Tetra*, 362 F.3d at 341 (quotation omitted). Accordingly, "a single claimant's choice of forum is a sufficient interest to warrant the dissolution of an injunction if the claimant files stipulations that adequately protect the shipowner's rights under the [Limitation] Act." *Inland Dredging v. Sanchez*, 468 F.3d 864, 867 (5th Cir. 2006). *See also In re Tetra*, 362 F.3d at 341 ("Thus, if the necessary stipulations are provided to protect the rights of the shipowner under the Limitation Act, the claimants may proceed in state court.").

## DISCUSSION

Along with his Motion to Lift Stay, Jones filed the following stipulations:

1. That this Court has exclusive jurisdiction of matters relating to [Oil Mop's] entitlement to limitation.
2. That he will not pursue a judgment or ruling on matters relating to [Oil Mop's] entitlement to limitation.
3. That he waives any claims of *res judicata* relevant to the issue of limitation of liability.
4. That he will not seek to enforce any excess judgment or recovery insofar as it will expose [Oil Mop] to liability exceeding the appraised amount of the subject vessel, pending this Court's adjudication.

Dkt. 15 at 3–4. *See also* Dkt. 15-2. Because Jones is the only claimant and his stipulations adequately protect Oil Mop's right to seek limitation of liability in federal court, Jones's Motion to Lift Stay should be granted.

Oil Mop argues that the stipulations are inadequate for three reasons. First, Oil Mop argues that lifting the stay would somehow prejudice Oil Mop. From the best I can tell, lifting the stay prejudices Oil Mop only because Oil Mop would be required to defend itself in state court against Jones's personal injury claims. The Supreme Court has expressly rejected this argument, making it "clear that state courts, with all of their remedies, may adjudicate claims like [claimant's] against vessel owners so long as the vessel owner's right to seek limitation of liability is protected." *Lewis*, 531 U.S. at 455. A vessel owner's right to seek limitation of liability is adequately protected "by [claimant's] stipulation that his claim [will] not exceed the limitation fund, [claimant's] waiver of any defense of res judicata with respect to limitation of liability, and the District Court's decision to stay the

Limitation Act proceedings pending state court proceedings." *Lewis*, 531 U.S. at 452. Jones's stipulations here adequately protect Oil Mop's right to seek limitation of liability in federal court. As somewhat of an aside, keep in mind that the Limitation Act is only intended to shield vessel owners from financial liability exceeding the value of the vessel and its freight. It's not meant to be used as a sword to cut down a claimant's right to pursue relief in the forum of his choice. On this point, too, the Supreme Court has been clear:

> For us to expand the jurisdictional provisions of the Act to prevent [claimant] from now proceeding in her state case would transform the [Limitation] Act from a protective instrument to an offensive weapon by which the shipowner could deprive suitors of their common-law rights, even where the limitation fund is known to be more than adequate to satisfy all demands upon it. The shipowner's right to limit liability is not so boundless. The Act is not one of immunity from liability but of limitation of it and we read no other privilege for the shipowner into its language over and above that granting him limited liability.

*Lake Tankers Corp. v. Henn*, 354 U.S. 147, 152–53 (1957). Oil Mop's rights under the Limitation Act are adequately protected by Jones's stipulations, and any other prejudice Oil Mop suffers as a result of lifting the stay is not unique to Oil Mop or this case. Nor does such collateral prejudice justify denying Jones his right to present his case to a Texas jury.

Oil Mop next argues that Jones's stipulation fails to adequately protect Oil Mop's interests because it does not include "the effect of the longshore and harbor workers compensation act [LHWCA] lien." Dkt. 17 at 8. According to Oil Mop, "the longshore carrier has the right to recover," and Jones has failed to protect Oil Mop

from the carrier's claim. *Id.* I don't buy it. A LHWCA lien does not attach liability to Oil Mop or otherwise increase its financial exposure. The Fifth Circuit has explained:

> [A] combination of the express provisions of the [LHWCA] and the cases construing it establishes that, when the worker recovers from a third party by judgment or compromise . . . the funds are distributed as follows: (1) the worker retains his litigation expenses and a reasonable attorneys' fee; (2) the employer receives from the recovery a credit for any compensation liability not yet satisfied and reimbursement for compensation already paid; and (3) the worker retains what is left, if anything.

*Peters v. N. River Ins. Co.*, 764 F.2d 306, 312 (5th Cir. 1985). Jones has stipulated that "in no event will [he] seek to enforce any excess judgment or recovery insofar as it may expose [Oil Mop] to liability in excess" of $53,000, the appraised value of the Vessel. Dkt. 15-2 at 2. Because the LHWCA carrier can only be reimbursed from Jones's net recovery, his stipulation effectively limits Oil Mop's exposure for any subrogation lien.

Oil Mop finally argues that dissolving the stay is inappropriate because it is possible that there may be an additional claimant. According to Oil Mop, the fact that Jones has received benefits under the LHWCA means that the insurance carrier "has a caselaw interpreted statutory right to recover benefits which have been paid to" Jones. Dkt. 17 at 2. But, again, the insurance carrier's right to recover benefits paid to Jones has no financial implications for Oil Mop, nor does that right interfere with Oil Mop's rights under the Limitation Act. Even if the insurance carrier had a right to recover from Oil Mop, it has made no claim in this action and

the carrier's potential claim is insufficient to deny Jones's Motion to Lift Stay. "To find otherwise would allow the vessel owner to literally hold the claimant's savings to suitors rights hostage with the cry of *potential* threats to its limitation rights in the form of third party claims of contribution and indemnity which do not yet exist and in all actuality may never be asserted." *In re M/V Miss Robbie*, 968 F. Supp. 305, 308 (E.D. La. 1997)

***

Jones has stipulated that this Court is the sole forum for the adjudication of Oil Mop's rights to limitation, and that he will not enforce any award exceeding the ship's appraised amount as determined by this Court. These stipulations adequately protect Oil Mop's right to limited liability under the Limitation Act, and I see no reason to deny Jones his right to pursue relief for his injuries in the forum of his choice. *See Lewis*, 531 U.S. at 441–42.

## CONCLUSION

For the reasons provided above, Claimant Gary Jones's Motion to Lift Stay (Dkt. 15) is **GRANTED**.

SIGNED on this 25th day of March 2021.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE